**EDUCARE COMMUNITY LIVING CORPORATION—TEXAS, d/b/a Educare Community Living Center, as Administrator of the Employee Health and Safety Program Benefit Plan of Educare Community Living Corporation—Texas, Plaintiff,**

v.

**Elizabeth B. WILMORE, Defendant.**

**No. 1:97–CV–0006.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 19, 1997.

---

Travis Rex Brewer, Martin & Associates, Austin, TX, for Plaintiff.

Steven Carl Barkley, Beaumont, TX, for Defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Before this Court is Plaintiff's Motion for Summary Judgment, filed by Educare Community Living Corporation. Plaintiff filed the underlying action for breach of contract, for equitable relief to enforce the terms of an ERISA plan, and for a declaratory judgment of the rights and obligations of the parties. For the reasons stated below, this Court finds that Plaintiff is not entitled to summary judgment as a matter of law. This Court, therefore, DENIES Plaintiff's motion.

### FACTUAL BACKGROUND

Elizabeth Wilmore was employed by Educare Community Living. Educare did not participate in the Texas Workers' Compensation law, but offered an ERISA plan in lieu of workers' compensation insurance. In order to participate in the ERISA plan, Educare employees were required to sign a waiver which released Educare from any negligence claim arising from a workplace injury and limited employees' remedies for workplace injuries to recovery under the plan. Wilmore elected to participate in the plan and signed the waiver.

On or about April 7, 1996, while in the scope and course of her employment, Wilmore was required to enter a patient's room to administer medication. Wilmore was never warned that this patient had a history of violence. Wilmore was attacked by the patient and incurred severe injuries to her arm and wrist. She filed suit against Educare in the 172nd Judicial District of Texas for negligent failure to provide a safe workplace and for negligent failure to warn her of the dangerous patient. That suit is still pending in the District Court of Jefferson County, Cause No. E–155,873.

### PROCEDURAL HISTORY AND JURISDICTION

Educare filed suit in this Court for breach of contract, equitable enforcement of the provisions of the ERISA plan, and a declaration that Wilmore's waiver was effective and that she is bound by it. Educare premised jurisdiction for its suit on the Declaratory Judgment Act, 28 U.S.C. § 2201, and federal question jurisdiction, 28 U.S.C. § 1331. Educare claims that federal question jurisdiction is vested with this Court because they seek to enforce the provisions of an ERISA plan. We note probable jurisdiction, however, based solely on the Declaratory Judgment Act, which states:

> (a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may declare the rights* and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a)(emphasis added).

Educare filed a Motion for Summary Judgment claiming that, as a matter of law, Wilmore's state cause of action was preempted by federal ERISA law. Educare never attempted to remove the case to federal court

under this Court's removal jurisdiction. 28 U.S.C. § 1441.

### ANALYSIS

Educare claims that this Court has the power to preempt the state negligence cause of action because the legitimacy of that claim rests on the validity of the ERISA waiver provision. In response, Wilmore argues that the state claim is not preempted because common law negligence actions do not relate to ERISA.

 In determining whether a state claim is preempted by ERISA law, the Court must decide whether the common law claim "relates to" the ERISA plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). If the negligence claim relates to the ERISA plan, the state action is preempted by federal law.

This Court finds that Wilmore's negligence claim does not "relate to" ERISA, despite the issue of the validity of the waiver provision. In *Hook, supra,* at 786, and *Texas Health Enterprises v. Reece,* 44 F.3d 243, 245 (5th Cir.1994), the Fifth Circuit held that, even with the inclusion of the waiver provision, common law negligence claims do not relate to ERISA and are governed solely by state law. Therefore, as a matter of federal law, Educare is not entitled to a favorable decision on the preemption issue. The claim of common law negligence is best left for the state court to decide. The Motion for Summary Judgment must be denied.

Furthermore, for purposes of comity and economy of judicial resources, the remaining issues in this declaratory judgment case should be stayed until the state court has had the opportunity to resolve the common law negligence action. Had Educare brought this case to federal court in the normal manner, through removal jurisdiction, the case could have been quickly remanded, as proscribed by *Hook* and *Texas Health Enterprises,* to allow the state court to resolve the dispute. Without a motion from Wilmore to dismiss the case, however, this court is limited to staying the case pending the outcome of the state action.

It is ordered, therefore, that Plaintiff's Motion for Summary Judgment be DENIED and the remaining issues be STAYED pending the outcome of *Elizabeth B. Wilmore v. Educare Community Living Corporation—Texas,* District Court of Jefferson County, 172nd Judicial District (Cause No. E–155,-873).